UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

EDWARD RANDOLPH,

                Plaintiff,
    v.                                                                                    9:21-CV-661
                                                                    (MAD/DJS)

JOSHUA DIAS, *et al.*,

                Defendants.

_____

**APPEARANCES:**                                            **OF COUNSEL:**

EDWARD RANDOLPH
Plaintiff, Pro Se
Bronx, New York 10455

HON. LETITIA JAMES                                          STEVE H. NGUYEN, ESQ.
Attorney General for the State of New York                  Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Plaintiff alleges that Defendants violated his rights while he was an inpatient at Central New York Psychiatric Center ("CNYPC"). Dkt. No. 1, Compl. As relevant to the pending Motion, Plaintiff alleges that excessive force was used against him and that Defendant Lewis failed to intervene to protect him from that use of force. Compl. at pp.

12-13.[1]  Defendant Lewis has filed a Motion to Dismiss the Complaint for failure to state a claim.  Dkt. No. 12.  Plaintiff responded to the Motion.  Dkt. No. 16.  For the reasons which follow, the Court recommends denying the Motion.

## I. BACKGROUND

The events at issue are alleged to have occurred in August 2020, while Plaintiff was a patient at CNYPC.  Compl. at p. 5.  On that date, a dispute developed between Plaintiff and Defendant Joshua Dias, a therapeutic assistant, regarding procedures for lining up to proceed to lunch.  *Id.* at pp. 5-6.  Plaintiff concedes that he was given directions by Dias with which he did not comply.  *Id.* at p. 7.  Plaintiff and Dias continued to argue, and Dias directed Plaintiff to step inside a facility "side room."  *Id.*  Defendant Mitchell Sadlowksi[2] was present and Defendant Lewis, a supervisory official, also arrived at the side room.  *Id.* at p. 8.  Plaintiff and Dias began to argue and Lewis attempted to seek a resolution, but Plaintiff alleges that Dias attempted to physically come toward him and had to be stopped by Lewis.  *Id.*  After some additional interaction and a conversation among Defendants, Plaintiff alleges that he got up and walked to the side room doorway, but that as he entered the hallway he was assaulted by Diaz and Sadlowski.  *Id.* at pp. 9-11.

---

[1] Citations to the Complaint are to the page numbers generated by the Court's CM/ECF system.

[2] This individual was sued as Mitch Doe or R. Mitch.  *See* Compl. at pp. 3 & 7.  The Answer filed identifies him as Mitchell Sadlowski.  Dkt. No. 14.  The Clerk is directed to amend the docket accordingly.

## II.  LEGAL STANDARD

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

The Court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *See Retail Clerks Int'l Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963).  Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).   A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the Plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697.  "A claim has facial plausibility when the plaintiff pleads factual content that

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678.  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555).  Thus, in spite of the deference the court is bound to give to Plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Where, as here, the complaint was filed *pro se*, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).  Nonetheless, a *pro se* complaint must state a plausible claim for relief. *See Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

## III. ANALYSIS

"An officer's failure to intervene during another officer's use of excessive force may constitute an Eighth Amendment violation if the officer was present during the assault and failed to intervene on behalf of the victim, provided there was an opportunity to do so." *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 214 (N.D.N.Y. 2015). A failure to intervene claim requires that Plaintiff prove that "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Konovalchuk v. Cerminaro*, 2014 WL 272428, at *23 (N.D.N.Y. Jan. 24, 2014) (quoting *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)).

Defendant bases the Motion on the allegedly short duration of the alleged assault, and thus the limited time to intervene, and the fact that Lewis may not have been present at the time. *See* Def.'s Mem. of Law at p. 4. Each ground may provide a basis for dismissal of a failure to intervene claim when supported by the record. *See Burroughs v. Petrone*, 138 F. Supp. 3d at 214. While Lewis may, after development of the record, be able to establish either or both of these grounds for dismissal, the Court concludes that dismissal at this time is inappropriate.

The Complaint can be read to allege that Defendant Lewis had left the area prior to the alleged assault, *see* Compl. at p. 12, which would support Lewis' Motion.

However, "[w]hen a plaintiff is *pro se*, the Court must construe the complaint liberally and interpret it to raise the strongest arguments that it suggests." *Davis v. FedEx Ground Package Sys.*, 2017 WL 1239594, at *2 (E.D.N.Y. Mar. 31, 2017) (internal quotations and alterations omitted). Viewed in that light, the remainder of the Complaint makes allegations sufficient to withstand dismissal. In pleading the failure to intervene cause of action, Plaintiff specifically alleges that Lewis "stood by and watch[ed] or [was] aware of defendant Dias' actions of assault against the plaintiff and did not do anything to protect the plaintiff." Compl. at p. 12. Plaintiff also alleges that when the assault occurred Lewis was the one to notify other staff, *id.* at p. 11, which could be read to mean he witnessed the event. Taken in context with the allegations that Lewis had been forcibly holding Dias back from Plaintiff, *id.* at p. 8, the Complaint plausibly alleges that Lewis was aware of a potential risk of harm to Plaintiff and may have even been present when the alleged assault occurred. Those allegations, which the Court must take as true for purposes of Defendant's Motion are sufficient to survive dismissal at this point.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 12) be **DENIED**; and it is

**ORDERED**, that the request for an extension of pretrial deadlines (Dkt. No. 19) is **GRANTED** and the deadline for completion of discovery is reset to May 31, 2022 and the deadline for filing dispositive motions is reset to July 29, 2022; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: March 31, 2022
      Albany, New York

_Daniel J. Stewart_
U.S. Magistrate Judge

7