**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**EDWARD RANDOLPH,**

                **Plaintiff,**

  vs.                                                  **9:21-CV-661**
                                                          **(MAD/DJS)**

**JOSHUA M. DIAS,** *Therapeutic Assistant, CNYPC*;
**JORDAN LEWIS,** *Senior Therapeutic Assistant,*
*CNYPC*; **and R. MITCH,** *Therapeutic Assistant,*
*CNYPC,*

                **Defendants.**

---

**APPEARANCES:**                                    **OF COUNSEL:**

**EDWARD RANDOLPH**
643 Cauldwell Avenue
Apt. #31
Bronx, New York 10455
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **STEVE NGUYEN, AAG**
**ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      At all times relevant, Plaintiff was an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), housed at the Central New York Psychiatric Center ("CNYPC"). *See* Dkt. No. 1. On June 7, 2021, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983. By Decision and Order dated July 14, 2021, this Court found that Plaintiff's Eighth Amendment excessive force claims against

Defendants Dias and Sadlowski and Eighth Amendment failure-to-intervene claims against Defendant Lewis survived *sua sponte* review. *See* Dkt. No. 5 at 10.

On September 10, 2021, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of Plaintiff's Eighth Amendment failure-to-intervene claims against Defendant Lewis. *See* Dkt. No. 12. In support of his motion, Defendant Lewis notes the short duration of the alleged assault and the fact that Defendant Lewis may not have been present in the room when the assault occurred. *See* Dkt. No. 12-1 at 6-7. In a Report-Recommendation and Order dated March 31, 2022, Magistrate Judge Stewart recommended that the Court deny Defendant Lewis' motion. *See* Dkt. No. 20. Specifically, Magistrate Judge Stewart noted that, although portions of the complaint can be read to allege that Defendant Lewis had left the room prior to the alleged assault, liberally construed, Plaintiff has plausibly alleged that Defendant Lewis was present and failed to intervene. *See id.* at 5-6. Neither party has objected to the Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that Defendant Lewis' motion to dismiss must be denied. While Plaintiff does allege at one point that Defendant Lewis was not in close proximity to Plaintiff when the assault occurred, other portions of Plaintiff's complaint imply that he was present and had an opportunity to intervene. Given his *pro se* status, the Court finds that Plaintiff has plausibly alleged a failure to intervene claim against Defendant Lewis.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's March 31, 2022 Report-Recommendation and Order (Dkt. No. 20) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendant Lewis' motion to dismiss (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 2, 2022
Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge