UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD RANDOLPH,

                **Plaintiff,**

  vs.                                              9:21-CV-661
                                                      (MAD/DJS)
JOSHUA M. DIAS, JORDAN LEWIS, and
MITCHELL SADLOWSKI,

                **Defendants.**
_____

APPEARANCES:                                  OF COUNSEL:

**BARCLAY DAMON LLP –**                GABRIEL M. NUGENT, ESQ.
**SYRACUSE OFFICE**
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**         STEVE NGUYEN, AAG
**STATE ATTORNEY GENERAL**      ANTHONY HUNTLEY, AAG
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      At all times relevant, Plaintiff Edward Randolph ("Plaintiff") was an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), housed at the Central New York Psychiatric Center ("CNYPC"). *See* Dkt. No. 1. On June 7, 2021, Plaintiff filed this action against three employees at CNYPC, alleging excessive force and failure to intervene pursuant to 42 U.S.C. § 1983. *See id.* at 12-13.

1

Trial is scheduled to commence on May 8, 2023. *See* Dkt. No. 37. Currently before the Court are Plaintiff's motion *in limine*, *see* Dkt. No. 54, and Defendants' motion *in limine*. *See* Dkt. No. 45. Plaintiff's motion *in limine* opposes the admission of evidence regarding his criminal conviction for criminal possession of a weapon, and argues that all evidence of the criminal conviction should be precluded because it is (1) irrelevant, (2) prejudicial, and (3) inadmissible character or propensity evidence. *See* Dkt. No. 54-1. Defendants' motion *in limine* seeks to (1) admit evidence of Plaintiff's criminal conviction; (2) preclude evidence or argument of a conspiracy; and (3) preclude any evidence or argument regarding missing video footage. *See* Dkt. No. 45. Neither party has filed a response.

For the reasons set forth below, Plaintiff's motion is denied, and Defendants' motion is granted in part and denied in part.

## II. DISCUSSION

### A.   Legal Standards

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce*,

469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion *in limine*. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

**B.     Analysis**

   ***1. Plaintiff's Criminal Conviction***

Plaintiff was convicted in 2014 for criminal possession of a weapon in the second degree, a Class C Felony. *See* Dkt. No. 45 at 5, 9.

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1). In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (quoting Fed. R. Evid. 403). Where over ten years have passed since the witness's past felony conviction or release from confinement for it, Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the

3

similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted).  "Although all of these factors are relevant, 'prime among them is the first factor, i.e., whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted).  The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, . . . [or] the length of the sentence when its probative value is outweighed by its prejudicial effect." *Brown*, 606 F. Supp. 2d at 312.

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 618.  Violent crimes such as murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity.  *See id.* at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility).  However, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (internal quotation omitted).

Plaintiff was convicted of criminal possession of a weapon, a Class C felony, in 2014. Therefore, the Rule 609(b) presumption against admissibility is not applicable here.  *See* Fed. R. Evid. 609(b) ("This subdivision ... applies if more than 10 years have passed since the witness's conviction or release from confinement for it, *whichever is later*") (emphasis added).  Nor is there

any evidence to indicate that these convictions required proving a dishonest act as required by Rule 609(a)(2).  "Having concluded that these convictions are not presumptively barred under Rule 609(b), and not presumptively admissible under Rule 609(a)(2), the Court must now undertake the balancing of factors required under Rule 609(a)(1)." *Espinosa v. McCabe*, No. 9:10-CV-497, 2014 WL 988832, *4 (N.D.N.Y. Mar. 12, 2014).

Initially, the Court acknowledges that Plaintiff's conviction of criminal possession of a weapon is not particularly probative as to honesty or veracity.  *See Estrada*, 430 F.3d at 617-18.  However, this is the only factor that weighs against the admission of this evidence.  Turning to the remaining factors, first, this conviction is not so remote as to diminish its probative value.  *See Robinson v. Troyan*, No. CV 07-4846, 2011 WL 5416324, *2 (E.D.N.Y. Nov. 8, 2011) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)).  Second, the conviction is not similar in nature to the conduct at issue in this case; namely, the alleged use of excessive force by Defendants.  *See Thomas v. Leifeld*, No. 9:13-CV-321, 2018 WL 3387690, *3 (N.D.N.Y. July 12, 2018) ("The less similar the pending case to the prior conviction, the less prejudicial its admission is").  Finally, it appears that Plaintiff's credibility will be highly important in this case, as much of Plaintiff's case hinges on his own testimony.  As such, this factor weighs in favor of admitting the conviction for impeachment purposes.  Accordingly, the Court finds that the probative value of the name of Plaintiff's felony conviction, its date, and the sentence imposed is not substantially outweighed by the danger of that evidence.

"[T]he Court must also consider the standard Rule 403 factors: 'unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'"  *Espinosa*, 2014 WL 988832, at *6.  "While most of these considerations are incorporated into the Rule 609(a) factors discussed above, it is worth noting that the factors of

undue delay, wasting time, and cumulative evidence militate against admitting evidence of each of Plaintiff's felony convictions and the details thereof." *Id.* Here, the Court does not find that admitting the name of Plaintiff's felony conviction, the date, and the sentence imposed have the potential of being unduly cumulative or wasting time. *See Ramsay-Nobles v. Keyser*, No. 16-CV-5778, 2020 WL 359901, *3 (S.D.N.Y. Jan. 22, 2020) ("[T]he simple act of asking a witness whether and when [they were] convicted of a particular crime, and what punishment [they] received therefor, does not implicate such things as undue delay or juror confusion").

Considering all of the factors and Rule 403, the Court denies Plaintiff's motion *in limine* seeking to preclude his 2014 criminal conviction, *see* Dkt. No. 54, and grants Defendants' motion, *see* Dkt. No. 45, insofar as Defendants will be permitted to question Plaintiff regarding the name, date, and sentence received for this conviction for purposes of impeachment, but they are precluded from eliciting testimony with respect to the underlying facts of the conviction.

   *2. Conspiracy*

Defendants argue that Plaintiff should be precluded from presenting that any evidence or argument that Defendants, "their peers, or employer" conspired to carry out or cover-up the underlying incident. *See* Dkt. No. 45 at 5. Defendants assert that any such evidence or insinuations would be irrelevant, prejudicial, and a risk of issue confusion or misleading the jury. *See id.* at 5-6. Plaintiff has not submitted a response to this argument.

The Court agrees with Defendants that any testimony suggesting an overarching conspiracy, including a cover-up of the underlying incident, creates a significant risk of unduly prejudicing Defendants and confusing the jury. Here, the only Defendants are the individuals, not the employers, and there is no claim of conspiracy asserted against Defendants. Plaintiff is, of course, free to argue or introduce evidence establishing that Defendants or others have lied about

the underlying incident. However, the probative benefit of any testimony about overarching conspiracies is significantly outweighed by the dangers set forth in Rule 403.

Accordingly, Defendants' motion to preclude Plaintiff from presenting evidence that Defendants and/or their peers and/or OMH engaged in a conspiracy to carry out or cover-up the underlying incident is granted.

### 3. Video Footage

Defendant argues that any evidence or argument about missing surveillance camera footage should be precluded as it is irrelevant, prejudicial, and will cause issue confusion and mislead the jury. *See* Dkt. No. 45 at 6-7. Plaintiff has not submitted a response to this argument.

Plaintiff has not indicated that he intends to claim that there is missing video footage. Should this issue arise at trial, the Court will address it at that time. Accordingly, this portion of Defendants' motion is denied as premature.

### III. CONCLUSION

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 54) is **DENIED**; and the Court further

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 45) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 4, 2023
Albany, New York

Mae A. D'Agostino
U.S. District Judge